IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**UNITED STATES OF AMERICA** upon the
Relation and for the use of the **TENNESSEE
VALLEY AUTHORITY**                             **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 3:22-CV-108-RP**

**EASEMENTS AND RIGHTS-OF-WAY OVER
3.94 ACRES OF LAND, MORE OR LESS, IN
DESOTO COUNTY, MISSISSIPPI, et al.**                        **DEFENDANTS**

## ORDER STRIKING AFFIDAVIT OF MARK BRADY

This matter is before the court on the Government's motion to strike the affidavit of Mark Brady. ECF #79. The defendant Golf, Inc. submitted the subject affidavit in support of its responses in opposition to the Government's motion for summary judgment and motion to exclude the testimony of Golf, Inc.'s retained expert witness. The Government now requests that the affidavit be stricken, primarily on the grounds that Golf, Inc. failed to disclose the identity or opinions of the affiant Mark Brady during discovery. Golf, Inc. opposes the motion. The court finds the motion is well taken and should be granted.

As an initial matter, the court will address Golf, Inc.'s argument that the Government's motion is untimely under Federal Rule of Civil Procedure 12(f), which requires a party to file any motion to strike a matter from a pleading either before responding to the pleading or, if no response is allowed, within 21 days after being served with the pleading. However, the affidavit the Government seeks to strike is not part of a pleading. *See* FED. R. CIV. P. 7(a) (listing pleadings allowed). Rule 12(f) is inapplicable. The Government filed its motion within the time ordered by the court, and the court will decide the motion on its merits.

**Facts and Procedural Background**

Golf, Inc. owns 212.31 acres of land in DeSoto County, Mississippi, comprised of five tax map parcels, on which Golf, Inc. operates a public golf course. The United States of America, upon the relation and for the use of the Tennessee Valley Authority ("TVA"), brought this condemnation action in connection with a Tennessee Valley Authority transmission line project to acquire permanent easements and rights-of-way across certain parcels of Golf, Inc.'s property for the purpose of building and maintaining electric power and communications circuits and removing trees on the property as needed to protect the transmission line structure or conductor from damage from falling trees. The subject easements and rights-of-way cross three of Golf, Inc.'s five parcels and encumber 3.94 acres of land. All potentially interested party defendants other than Golf, Inc. have disclaimed their rights to any compensable interest in the case, and the court has entered an Order of Possession. The sole remaining issue to be adjudicated is the amount of just compensation to be awarded to Golf, Inc. for the property rights that were taken. Whereas the plaintiff has deposited with the court $97,700 as its estimate of the compensation to be awarded, Golf, Inc. contends $1.4 million is owed and in support relies on the disclosed opinions of its retained expert William Sexton.

After the conclusion of discovery, the Government moved to exclude the testimony of Golf, Inc.'s retained expert William Sexton, arguing primarily that in arriving at his opinions regarding the value of the property rights taken, Sexton failed to use the "before-and-after" appraisal methodology that is required in federal condemnation cases in the Fifth Circuit. Sexton's appraisal being the only evidence disclosed by Golf, Inc. on the issue of just compensation, the Government also moved for summary judgment. In response to the Government's motions, Golf., Inc. argues that Sexton's opinion should not be excluded for

failing to use the before-and-after method, and in support Golf., Inc. has submitted the affidavit of Mark Brady, a licensed appraiser who reviewed Sexton's report and whose affidavit opines, among other things, that Sexton's methodology is equivalent to the required before-and-after methodology and reaches the same result.[1]   Golf, Inc. had not previously disclosed Brady's identity or opinions, and the Government argues that his affidavit should be stricken accordingly. The court agrees.

## Discussion and Analysis

Federal Rule of Civil Procedure 26(a)(1) requires a party, at the outset of the litigation and without awaiting a discovery request, to disclose:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

FED. R. CIV. P. 26(a)(1)(A)(1).   Rule 26(a)(2) requires that in addition to making these initial disclosures, a party must disclose the identity and opinions of any witness a party may use to present expert testimony at trial.   Expert witness disclosures must be made at the times ordered by the court and must be supplemented when required under Rule 26(e).   FED. R. CIV. P. 26(a)(2)(D).

Regarding a party's failure to disclose or supplement, Rule 37(c) provides as follows, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a

---

[1] Brady's affidavit is attached as an exhibit to Golf, Inc's response to the Government's motion to exclude Sexton's testimony at ECF #73-2, and the affidavit is cited and relied upon in Golf, Inc.'s briefs in support of its responses both to the Government's motion to exclude and to the Government's motion for summary judgment.

hearing, or at a trial, unless the failure was substantially justified or is harmless.  FED. R. CIV. P. 37(c)(1).

In the present case, Golf, Inc. did not disclose – or supplement its disclosures with -- the identity or opinions of Mark Brady during the discovery period, either as part of Golf, Inc.'s initial disclosures or in its expert witness disclosures.  Not until well after the expert designation and discovery deadlines -- and only in response to the Government's *Daubert* and summary judgment motions -- did Golf, Inc. disclose this information.  Clearly, Golf, Inc.'s disclosure is untimely, and Rule 37(c)(1) is applicable.

Golf, Inc. argues that because it relies on Brady's affidavit only in relation to the Government's motions and does not intend to call Brady as a witness at trial, Golf, Inc. was not required to disclose Brady's identity and opinions under Rule 26(a)(2)(A), which requires such disclosures regarding any expert witness a party may use "at trial."  However, as the Government points out, the admissibility of expert testimony on summary judgment is governed by the same rules that govern the admissibility of expert testimony at trial.  *Bellard v. Gautreaux,* 675 F.3d 454, 460 (5th Cir. 2012) (stating "on a motion for summary judgment, the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial"); *First United Financial Corporation v. U.S. Fidelity and Guar. Co.,* 96 F.3d 135, 136-37 (5th Cir. 1996) ("The admissibility of expert testimony is governed by the same rules, whether at trial or on summary judgment.").  In other words, whether it is to be used at trial or on summary judgment, expert testimony must meet the requirements of the rules of evidence and discovery.  The same can be said for expert testimony to be used in relation to a *Daubert*-type motion challenging a party's expert.

This issue was squarely addressed in the case of *De Fernandez v. Seaboard Marine, Ltd*, No. 20-cv-25176, BLOOM/Otazo-Reyes, 2022 WL 2869730, at *7-8 (S.D. Fla. July 21, 2022), in which the defendants filed a *Daubert* motion challenging the methodology used by the plaintiff's timely disclosed experts. In response, the plaintiff submitted declarations by two previously undisclosed experts to supplement the methodology of the disclosed experts. *Id.* at *7. The defendants moved to strike the new declarations, arguing they were improper and should be stricken for merely bolstering the previously disclosed expert reports and for being untimely disclosed. *Id.* In response the plaintiff argued – just as Golf, Inc. argues in this case -- that the newly-disclosed opinions were not being offered to the jury, but rather to assist the court in deciding the defendants' *Daubert* motion, and that Rule 26's disclosure requirements therefore did not apply. *Id.* The court rejected the plaintiff's argument and struck the declarations, concluding that the declarants "are undisclosed experts who seek to bolster the reliability of [the disclosed experts'] methodology. The Rules do not provide for such declarations." *Id.* at *8.

Golf, Inc. urges the court not to follow *De Fernandez* and to follow instead certain other cases Golf, Inc. cites, such as *Massachusetts Mutual Life Insurance Company v. DB Structured Products, Inc.,* in which the court stated its view that " a 'late' expert declaration submitted in response to criticisms of the expert's opinion or methodology contained in a Daubert motion or motion for summary judgment is permissible as long as it is consistent with the overall opinion or methodology in the original report and merely provides additional subsidiary details, support, or elaboration." No. 11-30039, 2015 WL 12990692, at *4 (D. Mass. Mar. 31, 2015). However, there is a glaring distinction. *Massachusetts Mutual Life Insurance Company* and all the other cases cited by Golf, Inc. involve additional reports or affidavits by the same, previously

disclosed experts -- not reports or affidavits by entirely new, previously *undisclosed* experts. *Id.*; *In re Complaint of C.F. Bean L.L.C.*, 841 F.2d 365, 371 (5th Cir. 2016) (second report by same expert); *Majestic Oil, Inc. v. Certain Underwriters and Lloyd's, London,* No. 21-20542, 2023 WL 2549892, at *3-4 (5th Cir. Mar. 17, 2023) (unpublished) (second report by same expert); *Corinthian Court Holdings, LLC v. State Farm Fire and Casualty Company,* No. 2:15-CV-111-KS-MTP, 2017 WL 1324135, at *2 (S.D. Miss. Apr. 6, 2017) (affidavits by same experts). Golf, Inc. cites no caselaw or other authority allowing a party to use, in opposition to a *Daubert* or summary judgment motion, the opinions of an expert witness whose identity and opinions were not disclosed during discovery. Golf, Inc.'s argument is unpersuasive.

The court concludes that Golf, Inc. was required to properly and timely disclose the identity and opinions of Mark Brady before submitting his affidavit in opposition to the plaintiff's *Daubert* and summary judgment motions. Golf, Inc. failed to do so, and as such the affidavit must be stricken "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When considering whether to allow late designation of experts, the court looks to four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Each of these factors is discussed in turn below.

Golf, Inc. offers no explanation for its failure to timely disclose Brady's identity and opinions other than its argument that the discovery requirements either are not applicable or were complied with, neither of which is the case. This weighs heavily in favor of exclusion, which "is particularly appropriate" where the party has "failed to provide an adequate explanation for

their failure to identify their expert within the designated timetable." *Betzel v. State Farm Lloyds,* 480 F.3d 704, 707 (5th Cir. 2007) (quoting *1488, Inc. v. Philisec Inv. Corp.,* 939 F.2d 1281, 1289 (5th Cir. 1991)).

As to the second factor, Golf, Inc. seems to downplay the importance of Brady's opinions, stating, "Mr. Brady's affidavit only clarifies that which Mr. Sexton already reported and testified to: that Sexton appropriately developed his opinions following USPAP." *See* Golf, Inc.'s brief, ECF #82 at 9. Even if Golf, Inc. were to argue that Brady's testimony is vital to the admissibility of Sexton's opinions, "the claimed importance of [the] expert testimony merely underscores the need for [Golf, Inc.] to have complied with the court's deadlines." *Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 381 (5th Cir. 1996). In any event, the importance of Brady's testimony "cannot singularly override the enforcement of local rules and scheduling orders." *Geiserman v. MacDonald,* 893 F.2d 787, 787 (5th Cir. 1990).

As to the potential prejudice in allowing Brady's affidavit, the prejudice is clear. The Government has already filed its *Daubert* and summary judgment motions, and it did so without the benefit of the information in Brady's affidavit that the Government should have already possessed under the court's discovery rules and scheduling order. Not only did the Government lack that information, but the Government was also deprived of the opportunity to depose Brady about his opinions before filing the motions. "This is the essence of surprise and is highly prejudicial to [the Government]." *H and A Land Corporation v. City of Kennedale, Texas,* No. 4:02-CV-458-Y, 2005 WL 8159199, at *4 (N.D. Tex. Mar. 18, 2005) (striking undesignated expert's affidavit from response to summary judgment motion).

Finally, as to the availability of a continuance to cure the prejudice, no continuance has been requested, nor would the court be inclined to grant such a request at this point in the litigation. *See*

*Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 381 (5th Cir. 1996) ("Although the district court might have ordered a continuance in order to cure any prejudice to Defendants, it is worth noting that Appellants never requested a continuance from the court.")   Further, a continuance would do little to cure the prejudice given its nature.   Golf, Inc. would still enjoy the unfair advantage of having previewed the arguments in the Government's *Daubert* and summary judgment motions before designating an additional expert in an attempt to shore up Sexton's appraisal.   A continuance likely would only result in delay and further expense in litigating this case, and it "would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Geiserman,* 893 F.2d at 791.

After careful consideration of the relevant factors, the court concludes that the Government's motion to strike Mark Brady's affidavit [ECF #79] should be and is hereby GRANTED.   Brady's affidavit will be excluded from consideration in the court's deliberations regarding the Government's *Daubert* and summary judgment motions.

**SO ORDERED,** this the 9th day of November, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE