IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA upon the
Relation and for the use of the TENNESSEE
VALLEY AUTHORITY												PLAINTIFF

V.										CIVIL ACTION NO. 3:22-CV-108-RP

EASEMENTS AND RIGHTS-OF-WAY OVER
3.94 ACRES OF LAND, MORE OR LESS, IN
DESOTO COUNTY, MISSISSIPPI, et al.							DEFENDANTS

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter is before the court on the Government's motion for summary judgment. ECF #63. Mirroring the arguments raised in its *Daubert* motion to exclude the opinion testimony of the defendant Golf, Inc.'s expert, the Government argues there is no competent evidence establishing a genuine issue of material fact as to the amount of just compensation to be awarded in this condemnation action. Golf, Inc. opposes the motion, offering arguments that mirror its arguments in opposition to the Government's *Daubert* motion. For the reasons below, the court finds summary judgment in favor of the Government is warranted.

### Facts and Procedural Background

Golf, Inc. owns 212.31 acres of land in DeSoto County, Mississippi, comprised of five tax map parcels, on which Golf, Inc. operates a public golf course. The United States of America, upon the relation and for the use of the Tennessee Valley Authority ("TVA"), brought this condemnation action in connection with a Tennessee Valley Authority transmission line project to acquire permanent easements and rights-of-way across certain parcels of Golf, Inc.'s property for the purpose of building and maintaining electric power and communications circuits and removing trees on the property as needed to protect the transmission line structure or

conductor from damage from falling trees. The subject easements and rights-of-way cross three of Golf, Inc.'s five parcels and encumber 3.94 acres of land. All potentially interested party defendants other than Golf, Inc. have disclaimed their rights to any compensable interest in the case, and the court has entered an Order of Possession. The sole remaining issue to be adjudicated is the amount of just compensation to be awarded to Golf, Inc. for the property rights that were taken.

Whereas the Government has deposited funds with the court in the amount of $97,700 as its estimate of the compensation to be awarded, Golf, Inc. contends $1.4 million is owed and in support relies on the disclosed opinions of its retained expert William Sexton. However, the court has granted the Government's *Daubert* motion to exclude Sexton's opinion testimony as unreliable. The issue now before the court is whether, in the absence of Sexton's testimony, the Government is entitled to summary judgment.

## Summary Judgment Standard

Federal Rule of Civil Procedure 71.1 governs federal eminent domain proceedings. While Rule 71.1 does not expressly authorize a motion for summary judgment, the Fifth Circuit has affirmed the use of summary judgment to fix just compensation in a condemnation proceeding. *See Bibb County v. United States*, 249 F.2d 228, 232 (5th Cir. 1957) (affirming use of summary judgment to determine just compensation in condemnation proceeding). "Since Rule 71.1 has no provisions governing summary judgment," when summary judgment is sought in a condemnation proceeding, "Rule 56 applies." *United States for Use of Tenn. Valley Auth. v. Tree Removal Rights with Respect to Land in Marshall Cnty.*, No. 3:17-CV-128-DMB-RP, 2018 WL 6072008, at *1 (N.D. Miss. Nov. 19, 2018) (quoting 13 MOORE;S FEDERAL PRACTICE – CIVIL § 71.1.04 (2018)).

Under Federal Rule of Civil Procedure 56, "[s]summary judgment is proper only if the pleadings and record materials reveal no genuine issue as to any material fact." *Renwick v. PNK Lake Charles, L.L.C.,* 901 F.3d 605, 611 (5th Cir. 2018). A "material" fact is one that might affect the outcome of the suit under governing law, and a fact issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* The court must view the evidence in the light most favorable to the non-moving party, drawing all justifiable inferences in the non-movant's favor. *Id.*

"The party moving for summary judgment bears the burden of identifying portions of the record that demonstrate the absence of a genuine issue of material fact," and "[t]he movant must then point to or produce specific facts demonstrating that there is a genuine issue of material fact." *E.E.O.C. v. Chevron Phillips Chem. Co.,* 570 F.3d 606, 615 (5th Cir. 2009). "Where the nonmoving party bears the burden of proof at trial, the moving party satisfies this initial burden by demonstrating the absence of evidence to support the nonmoving party's case." *Celtic Marine Corp. v. James C. Justice Companies, Inc.,* 760 F.3d 477, 481 (5th Cir. 2014). In condemnation proceedings, "[t]he burden of establishing the value of the lands sought to be condemned [is] on respondent." *United States ex rel. TVA v. Powelson*, 319 U.S. 266, 273, 63 S. Ct. 1047, 1052, 87 L. Ed. 1390 (1943). !

## Just Compensation

"Just compensation" generally means the "fair market value of the property taken on the date it is appropriated." *Kirby Forest Industries, Inc. v. U.S.,* 467 U.S. 1, 10, 104 S.Ct. 2187, 81 L.Ed.2d 1 (1984). In cases such as the present one, where the estate taken is less than absolute ownership, such as an easement, the compensation to be paid for the rights taken "is the difference between the fair market value of the land as a whole with and without the burden."

*U.S. ex rel. Tenn. Valley Auth. v. Robertson,* 354 F.2d 877, 880 (5th Cir. 1966).

Fair market value is generally defined as "what a willing buyer would pay in cash to a willing seller." *United States v. 50.822 Acres of Land,* 950 F.2d 1165, 1168 (5th Cir. 1992). Fair market value is determined at the time of taking. *United States v. 320.0 Acres of Land,* 605 F.2d 762, 781 (5th Cir. 1979). "The best evidence of market value is comparable sales – i.e., sales from a willing seller to a willing buyer of similar property in the vicinity of the taking at or about the same time as the taking." *United States v. 8.41 Acres of Land,* 680 F.2d 288, 395 (5th Cir. 1982).

Federal courts have long held that an appropriate measure of damages in a partial taking case is the difference between the value of the parent tract before the taking and its value after the taking. *United States v. 8.41 Acres of Land,* 680 F.2d 388, 392 (5th Cir. 1982) (citing cases). "When the property interest taken from a parent tract is merely an easement, the proper measure of damages is still the before-and-after method of valuation, expressed as the difference between the market value of the land free of the easement and the market value as burdened with the easement." *Id.* at 392. As the Fifth Circuit recognized in *8.41 Acres of Land*, legal scholars have noted at least one other method by which just compensation in partial taking cases can be ascertained, that method computing damages as "the value of the actual land taken plus the diminution in the value of the remaining land in the parent tract." *Id.* at 392 n.5 (citing 4A NICHOLS, THE LAW OF EMINENT DOMAIN § 14.31 (rev. 3d ed. 1981)). The Fourth Circuit allows this other method and Texas law requires it. *Id.* "The applicable federal law in the Fifth Circuit, however, requires the *exclusive* use of the before-and-after method of valuation." *Id.* (emphasis added). Using the before-and-after method of valuation, compensation is "determined by comparing the fair market value of the entire tract affected by the taking before

and after the taking; that is, it should be equivalent to the sum of money obtained by subtracting the fair market value of what remains after the taking, from the fair market value of the whole immediately before the taking." *Id.* (quoting *Transwestern Pipeline Co. v. O'Brien,* 418 F.2d 15, 21 (5th Cir. 1969)).

## **Analysis and Discussion**

In the present case, the Government deposited funds with the court in the amount of $97,700 as its estimate of the compensation to be awarded. In support of its position, the Government has submitted the declaration of Ivan J. Antal, II, Manager of Real Property Transactions in TVA's Realty Services organization and a licensed Mississippi appraiser. According to Antal's declaration, his duties include reviewing appraisal reports prepared by independent appraisers for the purpose of making recommendations to TVA management about the cost of acquiring new property rights, and he determined that TVA's estimate of just and liberal compensation for the permanent easements and rights-of-way that were taken in this action is $97,700.

In its motion for summary judgment, the Government points out that Golf, Inc., as the contesting party, has the burden of establishing the value of the property rights taken in this case. The Government argues that Golf, Inc.'s only evidence as to the amount of just compensation – the opinion of its retained expert William Sexton – is unreliable and inadmissible (as the Government also argued in its *Daubert* motion to exclude Sexton's testimony), and that Golf, Inc. therefore is without evidence to establish just compensation. In response, mirroring its arguments in opposition to the Government's *Daubert* motion, Golf, Inc. argues that Sexton's opinion is reliable and admissible. As such, Golf, Inc. argues, there exists a genuine issue of material fact as to the issue of just compensation. However, the court has granted the

Government's motion to exclude Sexton's testimony, finding it to be unreliable primarily because in reaching his opinion of just compensation Sexton failed to use the required before-and-after valuation method.

In the absence of Sexton's testimony, the court agrees with the Government that Golf, Inc. is without evidence to contest the issue of just compensation or oppose summary judgment. "When the moving party presents an appraisal by a credentialed property appraiser and the non-moving party does not contest it, that moving party is entitled to judgment as a matter of law." *United States v. An Easement and Right-of-Way Over .14 Acre of Land, More or Less, in Oktibbeha County, Miss.*, No. 1:17-CV-151, 2019 WL 1031079, at *2 (N.D. Miss. Mar. 4, 2019) (relying on declaration of TVA's Ivan Antal supporting Government's estimate of just compensation for easement and right-of-way) (quoting *United States ex rel. TVA v. Tree-Removal Rights with Respect to land in McNairy County, Tenn.*, No. 15-1008, 2015 WL 5499434, at *3 (W.D. Tenn. Sept. 16, 2015)).

The court notes that in opposing the Government's summary judgment motion, Golf, Inc. also points to the testimony of its witnesses Cody Allen and Corey Voyles indicating that the powerline easement will eliminate the utility to Golf, Inc. of the easement area and a nearby maintenance facility, as well as negatively affect the golf course's security and aesthetics. However, Golf, Inc. submitted this evidence in support of certain aspects of Sexton's inadmissible opinion, and the referenced testimony itself does not establish a genuine issue as to the amount of just compensation, which Golf, Inc. has the burden of establishing by showing the difference between the fair market value of the entire tract before the taking and its fair market value after the taking. Golf, Inc. has partially met this burden, as the parties have stipulated to a "before take" value in the amount of $2.7 million. Nonetheless, Golf, Inc. has presented no

competent evidence establishing what a reasonable juror might determine to be an "after take" value. As such, the Government is entitled to summary judgment.

THEREFORE, the Government's motion for summary judgment is GRANTED. The court accepts the Government's valuation of $97,700 for the easements and rights-of-way at issue in this case.

This, the 9th day of November, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE